# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

### LETTER OPINION AND ORDER

April 15, 2020

TO ALL COUNSEL OF RECORD

    Re:    **Schick v. Cintas Corp.,
                 Civil Action No. 17-7441 (JMV)**

Dear Counsel:

    Before the Court is Plaintiff's letter application seeking leave to compel a response to document demands. Defendant opposes the application and has filed an informal cross-application seeking a protective order. No argument is necessary. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's application is **granted in part and denied in part**.

**Background**

    In 2015, Plaintiff purchased a home on Ralph Street in Bellville, New Jersey. Defendant, Cintas Corporation, owns a neighboring property at 137 Ralph Street, from which it provided uniform and textile cleaning services for a variety of industries.[1] Plaintiff claims that shortly after he moved in he became aware of noise and odor issues emanating from the neighboring property. Plaintiff claims that strong "solvent-type odors" emanated from Defendant's facility, and that Defendant has been penalized by the Essex Regional Health Commission twice, including allegedly as a result of their storage of towels and items to be cleaned. Plaintiff suffers from Chronic Obstructive Pulmonary Disease

---

[1] Defendant's plant closed in May 2018.

("COPD") and alleges that the odors emanating from the property exacerbated the symptoms of his disease, including difficulty breathing and shortness of breath.  As a result, Plaintiff filed a four count Complaint in New Jersey Superior Court, Essex County, alleging: (1) nuisance; (2) trespass; (3) negligence; and (4) violations of the New Jersey Environmental Rights Act.  On September 26, 2017, Defendant removed the case to this Court.

**Current Dispute**

The crux of Plaintiff's claim is that "solvent-type odors" emanated from Defendant's property and caused Plaintiff damages, including exacerbation of his COPD respiratory illness. Plaintiff contends that the odors emanated from print shop towels that Defendant collected and cleaned for its customers. To that end, Plaintiff served discovery requests on Defendant seeking the identification of what chemicals were on the towels. (Pl.'s Br. 2, 3-4, citing Document Demands 5 and 6.)  Defendant responded to the requests by stating that it did not know what chemicals were on the towels and only its customers would have that information. (Id.) Plaintiff also sought the information during the deposition of Defendant's former general manager, Dominick Gregory, but he testified that he could not identify the chemicals.  (Pl.'s Br. 4.)  As a result, Plaintiff now seeks production of a list of Defendant's print and towel shop customers. (Id.) Defendant has cross-moved for a protective order, claiming that its customer list is proprietary information the disclosure of which could harm its business relationships by exposing its clients to subpoenas.

**Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. It is

"well recognized that the federal rules allow broad and liberal discovery." Pacini v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999). Relevance is a broader inquiry at the discovery stage than at the trial stage, see Nestle Food Corp. v. Aetna Cos. & Surety Co., 135 F.R.D. 101, 103 (D.N.J. 1990), and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). While relevant information need not be admissible, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000). A party resisting discovery on the grounds of burden or expense "bears the burden of showing specifically how the request is burdensome." Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd., 2010 WL 4922701, at *3 (W.D. Pa. Nov. 29, 2010).

Federal Rule of Civil Procedure 26(c) states: "The court may, for good cause, issue an order to protect a party." The Third Circuit has held that "good cause" is demonstrated, and a protective order is warranted, "when a party shows that disclosure will result in a clearly defined, specific and serious injury but that broad allegations of harm are not sufficient." Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005) (citing Pansy v. Boro. of Stroudsburg, 23 F.3d 772 (3d Cir. 1994)). The burden of showing good cause rests with the party seeking a protective order. Cipollone v. Ligget Group, 785 F.2d 1108, 1114 (3d Cir. 1986).

**Decision**

Plaintiff claims that it is necessary to ascertain the chemicals on the print and shop towels because it is a key component to the alleged nuisance and his claimed damages in the case – an exacerbation of his underlying medical condition including difficulty breathing and headaches. It appears his expert requests that information in preparing a report (and not surprisingly, Plaintiff's letter application contains a request for an extension of expert discovery). The information sought is clearly "relevant" within the meaning and contemplation of Rule 26. Indeed, Defendant's opposition does

not technically challenge the relevance of the information – nor can the Court imagine such an argument being persuasive: to the extent this nuisance case is premised in large part on the inhalation of fumes, it would be unfair to deny Plaintiff an opportunity to explore what fumes were at issue.

Defendant's argument is essentially that the information is sensitive, it would be unduly burdensome and/or inconvenient to obtain the information, and that the discovery sought is not proportionate to the needs of the case.

The Court may limit or deny otherwise appropriate discovery when the information sought is not proportional to the needs of the case when factors are considered including the burden and expense. Fed. R. Civ. P. 26(b)(1). In the Court's view of this dispute, a complete production of Defendant's entire customer list is not proportionate to the needs of the case. Defendant produced to the Court, *in camera*, its customer list and it was very lengthy; it would not be proportionate or realistic for Plaintiff to serve a subpoena on every customer on the list. At the same time, Defendant has not established a basis for a protective order denying the discovery sought; at best, its papers contain broad allegations of harm and not the specific showing that would support a full protective order. From the papers submitted, Plaintiff has made a showing that the requested discovery could be relevant, and Defendant has made a showing that production of its full customer list could be unnecessary and perhaps somewhat burdensome. So, the Court will fashion a remedy that allows for the production of some discovery, at least as a first step.

Defendant is directed to produce a list of its ten largest print/shop towel customers during the time period of 2015 to 2018 that are not current customers at this time.[2]

---

[2] Plaintiff's discovery request seeks information from 2010 to the present. (Pl.'s Br. 3-4.) The Court disagrees with this time range and finds it disproportionate to the needs of the case. Plaintiff did not purchase the Ralph Street property until 2015, and Defendant's facility closed in 2018. This case is not about whether Defendant was transporting hazardous waste in 2010 – which Plaintiff suggests in his letter. The issue is whether the fumes that emanated from the facility in 2015 and forward exacerbated plaintiff's medical

4

Stated differently, Defendant shall identify its ten largest (by volume) customers that they no longer have a current business relationship with.  Proceeding in this way will provide Plaintiff with substantial information regarding the fumes at the facility, and at the same time, protect Defendant's ongoing business relationships.  Upon receipt of that information, Plaintiff may contact and, if necessary, subpoena those companies seeking the identification of the chemicals that were on the towels/rags sent to Defendant for cleaning. If Defendant would instead prefer to contact their former customers and provide the information directly, they are authorized to do so before Plaintiff contacts the customers. Upon production of this information, the Court will assess whether any additional discovery on this subject is warranted.

      **SO ORDERED**.

                                          <u>s/Mark Falk</u>
                                          **MARK FALK**
                                          **United States Magistrate Judge**

---

condition.  Thus, the relevant time period is 2015 through 2018.